In re:
HARRY CARLTON WILEY and
VIRGINIA RUTH WILEY,
    Debtors.                                                No. 7-07-13053 SL

PHILIPS J. MONTOYA,
    Plaintiff,
v.                                                         Adv. No. 08-1120 S

HRW OF LAS CRUCES, INC.,
VIRGINIA OXFORD,
OXFORD INVESTMENTS, LLC.
FIRST STATE BANK,
ROBERT WILEY,
HRW FAMILY, LLC.,
HARRY CARLTON WILEY,
VIRGINIA RUTH WILEY,
HARRY CARLTON WILEY,
as TRUSTEE OF THE WILEY FAMILY TRUST,
FIRST NEW MEXICO BANK, LAS CRUCES,
and
HARRY CARLTON WILEY,
as TRUSTEE OF THE CHARLES HAYDEN WILEY
AND ELNORA WILLIAMS WILEY REVOCABLE TRUST,
    Defendants.

**MEMORANDUM OPINION ON VIRGINIA OXFORD
AND ROBERT WILEY'S OPPOSED RULE 12(b)(6)
<u>MOTION TO DISMISS COUNT 6</u>**

      This matter is before the Court on Defendants' Virginia Oxford and Robert Wiley ("Movants") Motion to Dismiss Count 6 of Plaintiff's First Amended Complaint (doc 20)("Motion") for failure to state a claim upon which relief can be granted. Plaintiff did not file a response. Movants appear through their attorney Thuma & Walker, P.C. (David T. Thuma). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

Judge Robert Jacobvitz of this Court recently set forth the standards to use when considering a motion to dismiss:

> A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well pleaded facts and evaluates those facts in the light most favorable to the plaintiff. Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). The time-tried standard of proof established by Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), whereby a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has now been replaced by the standard enunciated in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under Twombly, in order to survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint must contain enough facts to state a cause of action that is "plausible on its face." 550 U.S. at 570. In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." Id. In applying this new standard, the Tenth Circuit has directed the trial court to "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215, n. 2 (10th Cir. 2007) (citation omitted). The plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed. Lane v. Simon, 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted).

Wright v. Vanderbilt Mortgage and Finance, Inc. (In re Wright), 2009 WL 3633811 (Bankr. D. N.M. 2009).

In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).

**COUNT 6**

Count 6 of the 1st Amended Complaint seeks a declaration that the "Wiley Trust" is property of the estate and an order directing the trustee of that trust to yield possession of the trust assets to Plaintiff. Relevant factual allegations follow:

1. Plaintiff is the trustee for this chapter 7 case.
2. The Charles Hayden Wiley and Elnora Williams Wiley Revocable Trust ("Wiley Trust") is a trust created by instrument in 1988.
3. Wiley Trust is an insider of the Debtors in this case.
4. Wiley Trust owns real estate and personal property.
5. In or around October 2005 Debtor used about $75,000 of personal funds to construct a barn on trust real estate.
6. Funds from the Wiley Trust paid a portion of Debtor's 2005 federal income taxes.
7. Debtor Harry Wiley authorized loans from the Wiley Trust to another family trust and to his daughter Virginia Oxford.
8. Debtor Harry Wiley is both a trustee and beneficiary of the Wiley Trust and has had and continues to have unregulated dominion and control over the corpus of the Wiley Trust.
9. Wiley Trust is the equivalent of a grantor trust.

The Court will not consider the content of footnote 1 on page 3 of the Motion. It seeks to introduce matters outside the

pleadings which are not properly considered in a motion to dismiss.  See Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008)(Discussing items that trial court can consider in ruling on a motion to dismiss without converting it to a motion for summary judgment).  See also Delhomme v. Caremark Rx, Inc., 232 F.R.D. 573, 577 (N.D. Tex. 2005)(same).

The Court will also not consider item 9 above to be true; whether the Wiley Trust is equivalent to a grantor trust is a legal question.  No facts were alleged that describe why it is like a grantor trust.  Similarly, the Court will not assume that the Trust is an insider.  See Bixler, 596 F.3d at 756.

**ARGUMENT**

Movants argue that the complaint does nothing more than state that Debtor Harry Wiley has mishandled the Wiley Trust and/or breached his fiduciary duties to Movants[1].  They argue that even if the allegations were true, Plaintiff lacks standing to seek any relief; but, even if he did, the relief requested is not one authorized by law.  Specifically, they state that the exclusive remedy is found under § 46A-10-1001, NMSA 1978 (2007 Repl.). This statute would require Harry Wiley to make the Wiley Trust and/or the Movants whole.  Finally, they argue that there is no legal support for the proposition that a trustee who

---

[1] The complaint is silent as to who the beneficiaries of the Wiley Trust are.

Case 08-01120-trc    Doc 26    Filed 10/14/10    Entered 10/14/10 13:27:45 Page 4 of 12

breached his duties, or that breaching trustee's bankruptcy estate, could end up with the trust property as a remedy for the breach.

The Court disagrees and will deny the motion to dismiss.

**DISCUSSION**

For bankruptcy purposes, "property interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 55 (1979). "[B]ut once it is determined that such an interest exists, it becomes part of the debtor's estate by operation of law under s 541 of the new Bankruptcy Code." Regan v. Ross, 691 F.2d 81, 84 (2nd Cir. 1982). See also Marrs-Winn Co., Inc. v. Giberson Electric, Inc. (In re Marrs-Winn Co., Inc.), 103 F.3d 584, 591 (7th Cir. 1996)("The question of whether a debtor's interest in property is 'property of the estate' is a federal question to be decided by federal law, yet courts must look to the applicable state law to determine the extent (if any) of the Debtor's legal or equitable interest in the property.")(citing In re Yonikus, 996 F.2d 866 (7th Cir. 1993)).

Bankruptcy Code section 541(a) states that, except as otherwise provided, all legal or equitable interests of the debtor in property as of the commencement of a bankruptcy case are "property of the estate". Section 541(a) has a very broad reach. United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n. 9 (1983). Section 541(b), on the other hand, specifically

Case 08-01120-trc    Doc 26    Filed 10/14/10    Entered 10/14/10 13:27:45    Page 5 of 12

excludes some property from that reach. Section 541(c)(2) recognizes that a restriction on transfer of a debtor's interest in a valid spendthrift trust is enforceable in a bankruptcy case. And, section 541(d)[2] limits a bankruptcy estate's interest in property for which debtor holds bare legal title to that bare legal title.

The starting point is to determine what state law interests the Debtor had when this bankruptcy case was filed. The complaint alleges that Debtor is both a beneficiary and a trustee of the Wiley Trust. It also alleges that Debtor used some $75,000 to make physical improvements on land owned by the Wiley Trust. It also states that Debtor has had and continues to have unregulated dominion and control over the corpus of the Wiley Trust.

1. <u>Debtor Wiley's Interest as Beneficiary may be property of the estate.</u>

---

[2]This section provides:
Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Case 08-01120-trc    Doc 26    Filed 10/14/10    Entered 10/14/10 13:27:45 Page 6 of 12

New Mexico recognizes spendthrift trusts. Section 46A-5-502, NMSA 1978 (2007 Repl.) They are valid, however, "only if" they restrain both voluntary and involuntary transfer of a beneficiary's interest. Id. § A. The record does not contain a copy of the Wiley Trust documents. Therefore, the Court cannot rule as a matter of law that his interest as beneficiary is not property of the estate.

2. <u>Debtor Wiley's Contributions to the Wiley Trust may be property of the estate.</u>

Restatement (Third) of Trusts § 58 (2003), Spendthrift Trusts: Validity And General Effect, provides:

> (1) Except as stated in Subsection (2), and subject to the rules in Comment b (ownership equivalence) and § 59, if the terms of a trust provide that a beneficial interest shall not be transferable by the beneficiary or subject to claims of the beneficiary's creditors, the restraint on voluntary and involuntary alienation of the interest is valid.
> (2) A restraint on the voluntary and involuntary alienation of a beneficial interest retained by the settlor of a trust is invalid.

Comment f addresses the situation of when a beneficiary transfers part of the property to fund the spendthrift trust:

> If a beneficiary transfers part of the property or supplies part of the consideration to fund a trust, the beneficiary is ordinarily settlor to the extent of a fractional portion appropriate to reflect his or her proportionate share of the funding.

Id., cmt. f.

Under this rule, Debtor Wiley's contribution of $75,000, or its fractional proportion of the entire Wiley Trust may be deemed

Page -7-

to be a self-settled trust. Self-settled spendthrift trusts are not valid in New Mexico. <u>Reardon v. Brackett (In re Brackett)</u>, 54 B.R. 57, 58 (Bankr. D. N.M. 1985). Therefore, the Court cannot rule as a matter of law that Debtor's contributions to the Wiley Trust are not property of the estate. <u>Accord</u> <u>Shurley v. Texas Commerce Bank-Austin, N.A. (In re Shirley)</u>, 115 F.3d 333, 338 (5th Cir. 1997)(Under Texas law a partially self-settled spendthrift trust is partially subject to creditor's claims.); <u>Humphrey v. Buckley (In re Swanson)</u>, 873 F.2d 1121, 1124 (8th Cir. 1989)("The fact that the contributions to the Fund are made, at least in part, by the debtors compels a conclusion that the Fund would not be a valid spendthrift trust under Minnesota law.")

3. <u>The trust assets may otherwise be estate property.</u>

In general, assets held by a trustee are not subject to the trustee's creditors. Section 46A-5-507 NMSA 1978 (2007 Repl.) And they are generally not property of a bankruptcy estate. 11 U.S.C. § 541(d). <u>See</u> <u>Begier v. Internal Revenue Service</u>, 496 U.S. 53, 59 (1990)("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'"). <u>See also</u> <u>Whiting Pools</u>, 462 U.S. at 205 n. 10:

> We do not now decide the outer boundaries of the bankruptcy estate. We note only that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition. See §

Case 08-01120-trc Doc 26 Filed 10/14/10 Entered 10/14/10 13:27:45 Page 8 of 12

541(b); H.R.Rep. No. 95-595, p. 368 (1977); S.Rep. No. 95-989, p. 82 (1978). Although it may well be that funds that the IRS can demonstrate were withheld for its benefit pursuant to 26 U.S.C. § 7501 (employee withholding taxes), are excludable from the estate, see 124 Cong.Rec. 32417 (1978) (remarks of Rep. Edwards) (Service may exclude funds it can trace), the IRS did not attempt to trace the withheld taxes in this case. See Tr. of Oral Arg. 18, 28-29.

But courts recognize exceptions to the distinction between spendthrift trust assets and personal assets in at least two situations. First, even if the required spendthrift boilerplate language is included in a trust instrument, a court may look at the actual conduct of the parties and the parties abilities and potential future conduct to determine if the trust is in fact a spendthrift trust. Richardson v. McCullough (In re McCullough), 259 B.R. 509, 517-18 (Bankr. D. R.I. 2001). Here, Plaintiff alleges that Debtor Wiley has sole and absolute discretion over the trust.

Second, in cases where the debtor-trustee has sufficiently commingled trust and personal assets, Courts admit the existence of the trust but shift the burden onto the beneficiaries to specifically identify and trace trust assets in order to reclaim them. See McMakin v. Pine Bush Equip. Co., Inc. (In re Nevins Bros. Auction Co., Inc.), 242 B.R. 271, 280 (D. N.J. 1999):

> For example, "[i]t is well established that where a debtor holds property impressed with a valid trust, the estate will generally hold that property subject to the interest of the beneficiary." In re Felton's Foodway, Inc., 49 B.R. 106, 108 (citing Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190

Page -9-

(1962)). Nevertheless, it is equally well established that the claimant has the burden to identify the trust fund and to trace the fund where it has been commingled with funds of the debtor. See id.; see also In re Columbia Gas Sys., Inc., 997 F.2d 1039, 1063 (3d Cir. 1993); cf. In re Lehigh and New England Railway Co., 657 F.2d 570, 579 (3d Cir. 1981)(applying tracing principles to secured creditors when the trust funds have been dissipated). In Sonnenschein v. Reliance Ins. Co., 353 F.2d 935 (2d Cir. 1965), the Second Circuit clearly stated the applicable rule:

> [T]o sustain a claim to trust property or to an equitable lien thereon, the claimant must depend upon his ability to identify the property in its original or substituted form in the hands of the [debtor].... The basic idea of the trust doctrine as applied in bankruptcy is a fair and reasonable identification of the property or fund so as not to harm other creditors. It is not enough, therefore, to show merely that the funds of property came into the bankrupt's hands ... the claimant must assume the burden of ascertaining and tracing the trust property, and where it is alleged that such property has been converted into other property in the hands of the bankrupt, the claimant has the burden of tracing the trust property thereon.

Id. at 936-37 (quoting 4 Collier on Bankruptcy ¶ 70.25[2] at 1215-17, 1218 (14th ed.1964)).

See also Dayton Title Agency, Inc. v. The White Families Companies, Inc. (In re Dayton Title Agency, Inc.), 292 B.R. 857, 871 (Bankr. S.D. Ohio 2003)(The commingling of trust funds with non-trust funds does not change the characteristic of either set of funds to the extent that they remain traceable.); and Bank of Alex Brown v. Goldberg (In re Goldberg), 158 B.R. 188, 196 (Bankr. E.D. Cal. 1993):

> Commingling trust funds with personal funds generally renders the trust unenforceable against the commingled
Page -10-

funds or property acquired from the commingled funds.
Rendering trusts unenforceable where funds are
commingled ensures fairness to competing creditors who
would otherwise be prejudiced by one creditor receiving
preferential payment from commingled funds, or their
product, where the debtor's personal funds and trust
funds cannot be distinguished.

Movants' argument that § 46A-10-1001 is the exclusive remedy is not inconsistent with a bankruptcy court declaring that trust assets have become estate property. That declaration does not affect the liability that the trustee has to the trust or its beneficiaries, and fiduciary defalcations are generally nondischargeable under the code. See 11 U.S.C. § 523(a)(4).

Therefore, the Court cannot rule as a matter of law that all assets of the Wiley Trust are not property of the estate. The Motion to Dismiss Count 6 will be denied.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  October 14, 2010


Copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

George M Moore
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

Case 08-01120-trc    Doc 26    Filed 10/14/10    Entered 10/14/10 13:27:45 Page 11 of 12

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640

Page -12-