UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
HARRY CARLTON WILEY and
VIRGINIA RUTH WILEY,
    Debtors.                                                  No. 7-07-13053 SL

PHILIPS J. MONTOYA,
    Plaintiff,
v.                                                  Adv. No. 08-1120 S

HRW OF LAS CRUCES, INC.,
VIRGINIA OXFORD,
OXFORD INVESTMENTS, LLC.
FIRST STATE BANK,
ROBERT WILEY,
HRW FAMILY, LLC.,
HARRY CARLTON WILEY,
VIRGINIA RUTH WILEY,
HARRY CARLTON WILEY,
as TRUSTEE OF THE WILEY FAMILY TRUST,
FIRST NEW MEXICO BANK, LAS CRUCES,
and
HARRY CARLTON WILEY,
as TRUSTEE OF THE CHARLES HAYDEN WILEY
AND ELNORA WILLIAMS WILEY REVOCABLE TRUST,
    Defendants.

**MEMORANDUM OPINION ON DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COUNTS FOUR AND FIVE OF 1ST AMENDED COMPLAINT**

       This matter is before the Court on Defendants' Virginia Wiley and Robert Wiley ("Movants") Motion for Partial Summary Judgment on Counts Four and Five of Plaintiff's First Amended Complaint (doc 20) and supporting affidavit of Harry C. Wiley ("Wiley") (doc 21). Plaintiff did not file a response. Movants appear through their attorney Thuma & Walker, P.C. (David T. Thuma). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (H).

**DISCUSSION**

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056(c). In determining the facts for summary judgment purposes, the Court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to the affidavits. Fed.R.Civ.P. 56(e). When a motion for summary judgment is made and supported by affidavits or other evidence, an adverse party may not rest upon mere allegations or denials. Id. The court does not try the case on competing affidavits or depositions; the court's function is only to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

New Mexico LBR 7056-1[1] governs summary judgment motions. It provides, in part:

> The memorandum in support of the motion shall set out as its opening a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

---

[1] On August 2, 2010, the Bankruptcy Court for the District of New Mexico adopted new local rules. This is the version of the local rule in place when the Motion was filed. It is substantially the same as the newer rule.

Case 08-01120-trc    Doc 28    Filed 10/15/10    Entered 10/15/10 10:13:02 Page 2 of 6

> A memorandum in opposition to the motion shall contain
> a concise statement of the material facts as to which
> the party contends a genuine issue does exist. Each
> fact in dispute shall be numbered, shall refer with
> particularity to those portions of the record upon
> which the opposing party relies, and shall state the
> number of the movant's fact that is disputed.  All
> material facts set forth in the statement of the movant
> shall be deemed admitted unless specifically
> controverted.

Movants list twenty two undisputed material facts.  Pursuant to the rule, these facts are deemed admitted.

## COUNT 4

Count 4 of the 1st Amended Complaint is styled "For turnover and debt and money due."  It alleges that in 1998, Farm Credit of New Mexico made a loan to the Wiley Trust in the amount of $325,000 secured by real estate owned by the Wiley Trust and guaranteed by Debtors.  It then alleges that Debtors repaid the loan in the outstanding balance due of $307,639.38 from proceeds of sales of their assets, which resulted in a claim for subrogation against the Wiley Trust[2].  The Plaintiff seeks a turnover of the subrogation claim.

Movants facts establish, however, that it was Wiley who needed to borrow money to construct a store building in Texas. He and his wife lacked the ability to borrow the funds, so he asked his mother Elnora Williams Wiley (co-trustee of the Wiley

---

[2] Count 4 also alleges that Debtors had non-exempt funds in a checking account at Compass Bank and seeks a turnover of $3,377.58.  The Motion for Partial Summary Judgment does not reference this claim.

Page -3-

Trust with Wiley) to pledge trust assets to secure the loan. She agreed. The Trust granted a mortgage on land it owned. During the course of the loan only Mr. Wiley deducted loan interest on his tax returns; the Trust did not take any deductions. Wiley used the loan proceeds in his business. The majority of the regular monthly payments on the loan were made by Wiley or his hardware business. Although the Trust did take some draws on the loan, the net result of all payments and withdrawals was that the Trust withdrew $13,861.08 more than it paid toward the loan. With the exception of this $13,861.08, the loan was intended to and did benefit Wiley and his hardware business. Wiley Trust was involved only as an accommodation to Wiley.

In Dairyland Ins. Co. v. Herman, 1998-NMSC-005, ¶ 23, 124 N.M. 624, 631, 954 P.2d 56, 63 (1997), the New Mexico Supreme Court discussed the concept of subrogation.

> Subrogation ... is an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. It is a remedy for the benefit of one secondarily liable, who has paid the debt of another and to whom in equity and good conscience should be assigned the rights and remedies of the original creditor.

Id. (citing United States Fidelity & Guar. Co. v. Raton Natural Gas Co., 86 N.M. 160, 162, 521 P.2d 122, 124 (1974)). See also Restatement (Third) of Suretyship and Guaranty § 27 cmt. a (1967):

Page -4-

> Subrogation is a term used by the law to describe the remedy by which, when the property of one person is used to discharge a duty of another or a security interest or lien upon property of another, under such circumstances that the other will be unjustly enriched by the retention of the benefit thus conferred, the former is placed in the position of the obligee or lienholder.

Subrogation does not apply to the facts presented. Wiley was the borrower. He was not secondarily liable to Farm Credit of New Mexico. He paid the debt. Wiley Trust only pledged land. Wiley Trust was not the primary obligor. Wiley did not pay a debt of Wiley Trust. Count 4 should be dismissed.

**COUNT 5**

Count 4 of the 1st Amended Complaint is styled "To Recover a Fraudulent Transfer to the Wiley Trust." Based on the same facts as Count 4, it alleges that the payment of $307,639.38 to Farm Credit was a fraudulent transfer. Bankruptcy Code section 548 permits avoidance of transfers made with the specific intent to hinder, delay, or defraud creditors. Section 548 also permits avoidance of transfers made by an insolvent debtor for less than reasonably equivalent value. Wiley received reasonably equivalent value for the payment because the Farm Credit loan, his debt, balance decreased by that amount. See Jobin v. McKay (In re M & L Business Machine Co., Inc.), 84 F.3d 1330, 1342 (10th Cir.), cert. denied, 519 U.S. 1040 (1996)(A debtor receives reasonably equivalent value for payments to a creditor when that creditor's claim is reduced accordingly.) And, the inference of

Case 08-01120-trc    Doc 28    Filed 10/15/10    Entered 10/15/10 10:13:02    Page 5 of 6

fraudulent intent is rebutted by the fact that the transfers were simply payments on a bona fide preexisting loan. Butler v. Loomer (In re Loomer), 222 B.R. 618, 623 (Bankr. D. Neb. 1998). The payment to Farm Credit was not a fraudulent transfer. Count 5 should be dismissed.

The Court will enter an order dismissing counts four (except for the turnover claim of $3,377.58) and five with prejudice.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 15, 2010

Copies to:

Bonnie Bassan Gandarilla
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

George M Moore
Moore, Berkson & Gandarilla, P.C.
PO Box 7459
Albuquerque, NM 87194

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640